UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 3:14-CV-04294-RS |
| Plaintiff, | **AMENDED ORDER GRANTING PRELIMINARY INJUNCTION** |
| v. | |
| EADGEAR, INC., EADGEAR HOLDINGS LIMITED, CHARLES S. WANG, FRANCIS Y. YUEN, AND QIAN CATHY ZHANG, | |
| Defendants, | |
| LAURATA P. CHAN, | |
| Relief Defendant. | |

This matter came before the Court upon the Motion of Plaintiff Securities and Exchange Commission ("SEC") for a Preliminary Injunction as to each of the Defendants, and as to the Relief Defendant, in which the SEC seeks: (1) Preliminary injunctions against the Defendants from engaging in specified conduct; (2) An asset freeze as to each of the Defendants, and as to specified assets of the Relief Defendant; (3) An order requiring repatriation of assets; (4) An order prohibiting the destruction of documents; and (5) An order requiring an accounting as to Defendants eAdGear, Inc. and eAdGear Holdings Limited.

The Court, having considered the Complaint filed by the Commission in this action; the parties' briefing concerning the Commission's motions for Temporary Restraining Order and for a Preliminary Injunction; and the proceedings before the Court, finds that:

  A. This Court has jurisdiction over the subject matter of this action, and as to all parties, Defendants and Relief Defendant, and venue properly lies in this District.

  B. The Commission has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act") (15 U.S.C. § 77t(b)) and Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. § 78u(b)).  The SEC proposes that it is entitled to a preliminary injunction if it can establish (1) a *prima facie* case of previous violations of the securities laws (2) and a reasonable likelihood that the wrong will be repeated. *S.E.C. v. Unique Fin. Concepts*, 196 F.3d 1195, 1199 n. 2 (11th Cir. 1999).  Although the above standard is applied in some federal courts, the court of appeals in this circuit has not expressly adopted it. *See S.E.C. v. Schooler*, 902 F.Supp.2d 1341, 1344-45 n.2 (S.D. Cal. 2012) (there is "not clear uniformity on the standard to be applied" to motions for preliminary injunctions brought by the SEC in the Ninth Circuit).  Regardless, even under the stricter standard generally governing the issuance of preliminary injunctions in non-enforcement cases, the SEC has met its burden here by showing (1) a likelihood of success on the merits; (2) the likelihood of irreparable injury in the absence of preliminary relief; (3) that the balance of the equities tips in favor of issuing an injunction; and (4) that an injunction is in the public interest. *League of Wilderness Defenders v. Connaughton*, 752 F.3d 755, 759 (9th Cir. 2014), *quoting Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Defendants' arguments to the contrary—which focus on the theory that the membership packages in this case were not "investment contracts" subject to the securities laws—have been considered and found unpersuasive. *See SEC v. Glenn W. Turner Ent., Inc.,* 474 F.2d 476, 482 (9th Cir. 1973) (fact that investors are required to exert some effort to achieve a return does not defeat the third element of the *Howey* test; the question is instead whether "the efforts

1  made by those other than the investor are the undeniably significant ones, those essential managerial

2  efforts which affect the failure or success of the enterprise."). As a result, the Court finds that

3  Defendants eAdGear Holdings Limited, eAdGear, Inc., Charles S. Wang, Francis Y. Yuen, and Qian

4  Cathy Zhang have engaged in, are engaging in, are about to engage in, and will continue to engage in,

5  unless restrained and enjoined by order of this Court, transactions, acts, practices and courses of

6  business that constitute violations of Sections 5(a) and 5(c) of the Securities Act of 1933 (15 U.S.C.

7  §§ 77e(a), 77e(c)); Section 17(a) of the Securities Act (15 U.S.C. § 77q(a)); Section 10(b) of the

8  Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)) and Rule 10b-5 thereunder (17 C.F.R. §

9  240.10b-5); and that Relief Defendant Laurata P. Chan is in possession (either individually or jointly

10 with her husband, Defendant Yuen) of the proceeds of those violations and has been unjustly

11 enriched.

12              C.       Good cause exists to believe that, unless restrained and enjoined by order of

13 this Court, Defendants and Relief Defendant will dissipate, conceal, or transfer from the jurisdiction

14 of this Court assets which could be subject to an order directing disgorgement or the payment of civil

15 money penalties in this action. It is therefore appropriate for the Court to issue preliminary

16 injunctions, and an asset freeze to prevent the dissipation of assets and to preserve the status quo.

17              D.       Good cause exists to believe that an order requiring Defendants and the Relief

18 Defendant to repatriate all assets described in Plaintiff's Complaint is necessary to effectuate and

19 ensure compliance with the freeze imposed on the Defendants' and Relief Defendant's assets.

20              E.       Good cause exists to believe that an order requiring eAdGear, Inc. and

21 eAdGear Holdings Limited to provide a verified accounting of all assets, money, and property held

22 directly or indirectly by each of them, or by others for their direct and indirect beneficial interest, is

23 necessary to effectuate and ensure compliance with the freeze imposed on their assets.

I.

IT IS HEREBY ORDERED that the SEC's Motion for an Order of Preliminary Injunction is GRANTED.

II.

IT IS FURTHER ORDERED that Defendants eAdGear, Inc., eAdGear Holdings Limited, Charles S. Wang, Francis Y. Yuen, and Qian Cathy Zhang, and their officers, agents, servants, employees, attorneys, subsidiaries, and affiliates, and those persons in active concert or participation with any of them who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined until further order by this Court from, directly or indirectly, in the absence of any applicable exemption:

    A.    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    B.    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    C.    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the SEC as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h;

in violation of Section 5 of the Securities Act, 15 U.S.C. § 77e.

III.

IT IS FURTHER ORDERED that Defendants eAdGear, Inc., eAdGear Holdings Limited, Charles S. Wang, Francis Y. Yuen, and Qian Cathy Zhang, and their officers, agents, servants,

employees, attorneys, subsidiaries, and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined until further order by this Court from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    A.    Employing any device, scheme or artifice to defraud;

    B.    Obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C.    Engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

## IV.

IT IS FURTHER ORDERED that Defendants eAdGear, Inc., eAdGear Holdings Limited, Charles S. Wang, Francis Y. Yuen, and Qian Cathy Zhang, and their officers, agents, servants, employees, attorneys, subsidiaries, and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined until further order by this Court from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    Employing any device, scheme or artifice to defraud;

    B.    Making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    Engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

V.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants eAdGear Holdings Limited, eAdGear, Inc., Charles S. Wang, Francis Y. Yuen, and Qian Cathy Zhang, their agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined until further order by this Court from directly or indirectly participating in the issuance, offer, or sale of any security of any entity controlled by, or under joint control with, any of them, including but not limited to securities of eAdGear (or of eAdGear Holdings Limited or of eAdGear, Inc.), and in particular:

    a.    This prohibition includes but is not limited to the securities described as "business packages" or "memberships" marketed by Defendants or any of them, including through the websites found at: www.eadgear.com, www.eadgear.net, www.winteam777.com, and www.winteam168.com;

    b.    This prohibition includes but is not limited to the offer or sale of securities, and the acceptance of any money or anything of value by Defendants for such securities, through the websites (or through the instructions provided in the websites) found at: www.eadgear.com, www.eadgear.net, www.winteam777.com, and www.winteam168.com.

VI.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants eAdGear Holdings Limited, eAdGear, Inc., Charles S. Wang, Francis Y. Yuen, and Qian Cathy Zhang, their agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined until further order by this Court from directly or indirectly soliciting any person or entity to purchase or sell any security.

VII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court:

    a.    Defendants eAdGear, Inc., eAdGear Holdings Limited, Charles S. Wang, Francis Y. Yuen, and Qian Cathy Zhang, and their officers, agents, servants, employees, attorneys, subsidiaries, and affiliates, and those persons in active concert with them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined until further order by this Court from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims or other real or personal property, including any notes or deeds of trust or other interest in real property, wherever located, of any one of the Defendants, or their subsidiaries or affiliates, owned by, controlled by, managed by or in the possession or custody of any of them and from transferring, encumbering dissipating, incurring charges or cash advances on any debit or credit card of the credit arrangement of any one of the Defendants, or their subsidiaries and affiliates; and

    b.    Relief Defendant Laurata P. Chan, and her, agents, servants, employees, and attorneys, and those persons in active concert with them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined until further order by this Court from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims or other real or personal property, including any notes or deeds of trust or other interest in real property, wherever located, of, or owned by, controlled by, managed by or in the possession or custody of the Relief Defendant to the extent such funds, assets, securities, claims or other real or personal property constitutes or is derived from the proceeds of, or is otherwise related to, the activities set forth in the Complaint.

This Order specifically applies to (but is not limited to) the following real property:

    1.    37 Mount Horeb Road, Warren, New Jersey 07059

    2.    7638 Ridgeline Drive, Dublin, CA 94568

The Commission also is permitted to record this asset freeze in the appropriate recorder's office reflecting that these properties may be the subject of litigation.

This Order specifically applies to each of the Defendants, and to the Relief Defendant, who are also known by the following names:

Defendant CHARLES S. WANG, who is also known as WANG SHENG GUO and CHARLES SHENG GUO WANG;

Defendant FRANCIS Y. YUEN, who is also known as YUEN YUI KI and FRANCIS YUI KI YUEN;

Defendant QIAN CATHY ZHANG, who is also known as QIAN ZHANG and QIAN ZHANG WANG; and

Relief Defendant LAURATA P. CHAN, who is also known as CHAN PO LEE and LAURATA PO LEE CHAN.

## VIII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, a freeze shall remain on:

a. All monies and assets in all accounts at any bank, financial institution or brokerage firm, or third-payment payment processor, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by Defendants eAdGear Holdings Limited, eAdGear, Inc., Charles S. Wang, Francis Y. Yuen, and/or Qian Cathy Zhang (subject to the permitted use of the accounts and assets designated for the purpose of paying living expenses, mortgages owed, and taxes owed as described in paragraph IX, below); and

b. Those monies and assets that constitute or are derived from the proceeds of, or are otherwise related to, the activities set forth in the Complaint in accounts at any bank, financial institution or brokerage firm, or third-payment payment processor, all certificates of deposit, and other funds or assets, including real or personal property, held in the name of, for the benefit of, or over which account authority is held by Relief Defendant Laurata P. Chan (subject to the permitted use of the accounts and assets designated for the purpose of paying living expenses, mortgages owed, and taxes owed as described in paragraph IX, below);

including but not limited to, the accounts listed below:

| Account Name | Bank | Account Number |
|---|---|---|
| **Banks** | | |
| eAdGear, Inc. | Bank of America | REDACTED 795 |
| Charles S. Wang | Bank of China | 4 REDACTED 000 |
| Francis Y. Yuen and Laurata Po Lee Chan | Bank of the West | REDACTED 880 |
| Francis Y. Yuen and Laurata Po Lee Chan | Bank of the West | REDACTED 749 |
| Francis Y. Yuen dba Emerald Consulting Company | Bank of the West | REDACTED 067 |
| Charles S. Wang | China Citic Bank | REDACTED 920 |
| eAdGear Holdings Limited | Citibank | REDACTED 670 |
| eAdGear Holdings Limited | Hang Seng Bank | REDACTED 883 |
| eAdGear Holdings Limited | HSBC | REDACTED 838 |
| Charles S. Wang | HSBC | REDACTED 888 |
| Charles S. Wang | HSBC | REDACTED 001 |
| Charles S. Wang and Qian Zhang Wang | JP Morgan Chase Bank | REDACTED 797 |
| Charles S. Wang and Qian Zhang Wang | JP Morgan Chase Bank | REDACTED 816 |
| Charles S. Wang and Joice Wang | JP Morgan Chase Bank | REDACTED 117 |
| Charles S. Wang and Jennifer Wang | JP Morgan Chase Bank | REDACTED 847 |
| Charles S. Wang and Jennifer Wang | JP Morgan Chase Bank | REDACTED 058 |
| Charles S. Wang and Joice J. Wang | JP Morgan Chase Bank | REDACTED 419 |
| Qian Zhang Wang | JP Morgan Chase Bank | REDACTED 066 |
| Express Consulting Inc. | JP Morgan Chase Bank | REDACTED 984 |
| Express Consulting Inc. | JP Morgan Chase Bank | REDACTED 655 |
| Jeffrey Yuen and Francis Y. Yuen | JP Morgan Chase Bank | REDACTED 363 |
| Francis Y. Yuen | JP Morgan Chase Bank | REDACTED 470 |
| Francis Y. Yuen | JP Morgan Chase Bank | REDACTED 668 |
| Laurata P. Chan | JP Morgan Chase Bank | REDACTED 437 |

| | | |
|---|---|---|
| Laurata P. Chan | JP Morgan Chase Bank | REDACTED 707 |
| Francis Y. Yuen and Laurata Po Lee Chan | Wells Fargo Bank | REDACTED 249 |
| Francis Y. Yuen and Laurata Po Lee Chan | Wells Fargo Bank | REDACTED 183 |
| Francis Y. Yuen and Laurata Po Lee Chan | Wells Fargo Bank | REDACTED 030 |
| Francis Y. Yuen and Laurata Po Lee Chan | Wells Fargo Bank | REDACTED 181 |
| Francis Y. Yuen and Laurata Po Lee Chan | Wells Fargo Bank | REDACTED 998 |
| **Payment Processors** | | |
| eAdGear | Cyberprofit | REDACTED |
| eAdGear | Focal Payments | REDACTED |
| eAdGear | Glbpay | REDACTED 566 |
| eAdGear | Glbpay | REDACTED 546 |
| eAdGear | IPS | REDACTED 547 |
| eAdGear | IPS | REDACTED 359 |
| eAdGear | IPS | REDACTED 979 |
| eAdGear | IPS | REDACTED 359 |
| eAdGear | IPS | REDACTED 360 |
| eAdGear | IPS | REDACTED 361 |
| eAdGear | Payza | REDACTED |
| eAdGear | Secure Pay | REDACTED 01m |
| eAdGear | SolidTrustPay | REDACTED |

Any bank, financial institution or brokerage firm, or third-party payment processor holding such monies and assets described above, who receives actual notice of this Order, by personal service or otherwise, including facsimile transmissions, electronic mail, or overnight delivery service, shall

hold and retain within its control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as otherwise ordered by this Court.

This Order specifically applies to each of the Defendants, and to the Relief Defendant, who are also known by the following names:

Defendant CHARLES S. WANG, who is also known as WANG SHENG GUO and CHARLES SHENG GUO WANG;

Defendant FRANCIS Y. YUEN, who is also known as YUEN YUI KI and FRANCIS YUI KI YUEN;

Defendant QIAN CATHY ZHANG, who is also known as QIAN ZHANG and QIAN ZHANG WANG; and

Relief Defendant LAURATA P. CHAN, who is also known as CHAN PO LEE and LAURATA PO LEE CHAN.

## IX.

IT IS FURTHER ORDERED that the asset freeze set forth above is subject to the below allowance to permit the payment of living expenses, certain specified mortgages, and property tax payments, as follows:

   a.  Defendant Charles S. Wang and Defendant Qian Cathy Zhang are together permitted to use $1,850 per month for the payment of living expenses out of JP Morgan Chase Bank account number XXXXX7816.

   b.  Defendant Charles S. Wang and Defendant Qian Cathy Zhang are together permitted to use $2,506 per month for the payment of the mortgage at 37 Mount Horeb Road, Warren, New Jersey 07059 when those payments are due out of JP Morgan Chase Bank account number XXXXX7816.

   c.  Defendant Charles S. Wang and Defendant Qian Cathy Zhang are together permitted to use the amounts necessary to pay for the escrow payment (taxes and insurance) on 37 Mount Horeb Road, Warren, New Jersey 07059 when those taxes are due (currently estimated at $1,994.90 monthly) out of JP Morgan Chase Bank account number XXXXX7816.

     d.    Defendant Francis Y. Yuen and Relief Defendant Laurata P. Chan are together permitted to use $2,956.02 per month for the payment of living expenses out of Wells Fargo Bank account number XXX-XXX8183.

     e.    Defendant Francis Y. Yuen and Relief Defendant Laurata P. Chan are together permitted to use $2,355.37 per month for the payment of the home equity loan on account number XXX XXXXXXX 1998 when those payments are due out of Wells Fargo Bank account number XXX-XXX8183.

     f.    Defendant Francis Y. Yuen and Relief Defendant Laurata P. Chan are together permitted to use the amount necessary for the payment of property taxes on 7638 Ridgeline Drive, Dublin, CA 94568 when those taxes are due (currently estimated at $7,662.37 bi-annually) out of Wells Fargo Bank account number XXX-XXX8183.

     g.    Defendant Francis Y. Yuen and Relief Defendant Laurata P. Chan are together permitted to use the amount necessary for the payment of property taxes on 5158 Stone Canyon Drive, Castro Valley, CA 94552 when those taxes are due (currently estimated at $5,823.04 bi-annually) out of Wells Fargo Bank account number XXX-XXX8183.

## X.

IT IS FURTHER ORDERED that, within seven (7) days from the entry of this Order:

     a.    Defendants eAdGear, Inc., eAdGear Holdings Limited, Charles S. Wang, Francis Y. Yuen, and Qian Cathy Zhang and each of them and any other person who receives notice of this Order, shall transfer to the registry of this Court assets, funds and other property held in foreign locations in the name of any Defendant or any person acting in active concert or participation with any of them, or for the benefit or under the direct or indirect control of any of them, or over which any of them exercises control or signatory authority, whether by wire transfer, third-party payment processor or otherwise, at the direction of either Defendants or any of their agents, representatives, advisors, or anyone acting in active concert or participation with any of them.

     b.    Relief Defendant Laurata P. Chan shall transfer to the registry of this Court assets, funds and other property, that constitute or are derived from the proceeds of, or are otherwise related

to, the activities set forth in the Complaint, which are held in foreign locations in the name of Relief Defendant or any person acting in active concert or participation with her, or for the benefit or under the direct or indirect control of any of them, or over which any of them exercises control or signatory authority, whether by wire transfer, third-party payment processor or otherwise, at the direction of Relief Defendant or any of her agents, representatives, advisors, or anyone acting in active concert or participation with any of them.

## XI.

IT IS FURTHER ORDERED that any person who receives actual notice of this Order by personal service or otherwise, and who holds, possesses or controls assets exceeding $5,000 for the account or benefit of any one of the Defendants or Relief Defendants, shall within seven (7) days of receiving actual notice of this Order, by personal service or otherwise, provide counsel for the SEC with a written statement (by mail, or e-mail, directed to: Susan F. LaMarca, Securities and Exchange Commission, 44 Montgomery Street, Suite 2800, San Francisco, CA 94104, lamarcas@sec.gov) identifying all such assets, the value of such assets, or best approximation thereof, and any account numbers or account names in which the assets are held.

## XII.

IT IS FURTHER ORDERED that Defendants eAdGear, Inc. and eAdGear Holdings Limited, within seven (7) days of receiving actual notice of this Order, by personal service or otherwise, shall prepare and deliver to the SEC a detailed and complete accounting, which shall include:

1. A complete schedule of all transfers or payments of funds to eAdGear, Inc. and to eAdGear Holdings Limited, and to any other entity controlled by them, from investors or "members" or "business packages" in connection with the misconduct described in the Complaint (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, and the name, address, account number and financial institution of the party making and the party receiving the transfer or payment);

2. A complete schedule, in detail, of the precise disposition of each transfer or payment identified in response to paragraph 1 above and all assets derived therefrom, including but not limited to:

1      a.      the nature and results of any investment in which the funds were used;

2      b.      any subsequent transfer or payment of the funds (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, the name, address, account number and financial institution of the party making and receiving the transfer or payment, and the reason for the transfer or payment); and

6      c.      any fees or expenses charged and a detailed statement of the nature and purpose of such fees and expenses.

8      3.      A complete schedule identifying, by name and address, all persons, entities and accounts currently holding funds or assets derived from the transfers or payments described in paragraph 1 above and the reason each received the funds or assets (the identification shall include the amount each received, the date received, the reason received, the institution and account number or location in which the funds or other assets are held and the name, address, account number and financial institution of the person or entity who provided each with the funds or other assets);

14     4.      A complete schedule identifying assets of every type and description with a value of at least five hundred dollars ($500) presently owned by or held for the direct or indirect benefit, or subject to the direct or indirect control, of eAdGear, Inc. or eAdGear Holdings Limited, whether in the United States or elsewhere; and,

18     5.      A complete schedule of all accounts in the name of eAdGear, Inc. or eAdGear Holdings Limited, held at any bank, securities, and other financial institution, identified by institution, branch address and account number, from July 1, 2010 through the present.

21     Such accounting shall be filed with the Court and a copy shall be delivered to the SEC to the attention of Susan F. LaMarca.  After completion of the accounting, Defendants eAdGear, Inc. and eAdGear Holdings Limited shall produce to the SEC at a time agreeable to the SEC, all books, records and other documents supporting or underlying their accounting.

## XIII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, each of the Defendants eAdGear, Inc., eAdGear Holdings Limited, Charles S. Wang, Francis Y. Yuen, and Qian Cathy Zhang, and Relief Defendant Laurata P. Chan, and their officers, agents, servants, employees,

attorneys, subsidiaries, and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined until further by this Court from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Defendants eAdGear, Inc., eAdGear Holdings Limited, Charles S. Wang, Francis Y. Yuen, and Qian Cathy Zhang, and Relief Defendant Laurata P. Chan.

IT IS SO ORDERED.

Dated:  December 8, 2014

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE